NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1386

VIZIO, INC. and AMTRAN TECHNOLOGY CO., LTD.,

Appellants,

and

TPV TECHNOLOGY LTD., TPV INTERNATIONAL (USA), INC.,
TOP VICTORY ELECTRONICS (TAIWAN) CO., LTD.,
and ENVISION PERIPHERALS, INC.,

Appellants,

v.

INTERNATIONAL TRADE COMMISSION,

Appellee,

and

FUNAI ELECTRIC CO., LTD. and FUNAI CORPORATION,

Intervenors.

On appeal from the United States International Trade Commission in
Investigation No. 337-TA-617.

ON MOTION

Before MAYER, CLEVENGER, and RADER, Circuit Judges.

MAYER, Circuit Judge.

ORDER

Vizio, Inc. et al. (Vizio) move for a stay, pending appeal, of the limited exclusion

order (LEO) and cease and desist orders entered by the United States International

Trade Commission on April 10, 2009. Funai Electric Co., Ltd. et al. (Funai) and the International Trade Commission each oppose. Vizio replies.

The Commission instituted an investigation into whether the importation of certain digital televisions violates 19 U.S.C. § 1337. The Commission determined that Funai's patent was not invalid and that Vizio induced infringement and thus issued the LEO and cease and desist order. Vizio appealed and sought a stay, pending appeal. The court granted a temporary stay pending consideration of the papers and ordered that "the 'bonding' provisions of the LEO (paragraph 2) and the cease and desist order (Part XI) would continue in effect as to all covered products" until further order of the court.

In deciding whether to grant a stay, pending appeal, this court "assesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public." E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co., 835 F.2d 277, 278 (Fed. Cir. 1987); see also Standard Havens Prods. v. Gencor Indus., 897 F.2d 511 (Fed. Cir. 1990). To prevail, a movant must establish a strong likelihood of success on the merits or, failing that, must demonstrate that it has a substantial case on the merits and that the harms factors militate in its favor. Hilton v. Braunskill, 481 U.S. 770, 778 (1987).

Without prejudicing the ultimate disposition of this case by the merits panel, and based upon the motions papers submitted, we determine that Vizio has not met its burden to obtain a stay of the judgment. Thus, we deny the stay. Furthermore, the provision in our earlier order that the bonding provisions of the LEO and cease and desist order would remain in effect until further notice is lifted.

Accordingly,

IT IS ORDERED THAT:

The motion is denied.

FOR THE COURT

JUL 2 9 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: Gregory A. Castanias, Esq.
Mark A. Samuels, Esq.
Daniel E. Valencia, Esq.
Karl J. Kramer, Esq.

s17

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 2 9 2009

JAN HORBALY
CLERK

2009-1386                    3